# In the United States Court of Federal Claims

Larry Golden

           Plaintiff(s),

v.

THE UNITED STATES,

           Defendant.

Case No. 1:23-cv-00811-EGB

Judge Eric G. Bruggink

## NOTICE OF APPEAL

Notice is hereby given that **Larry Golden** (list all parties taking the appeal) in the above named case hereby appeal to the United States Court of Appeals for the Federal Circuit from the **Reported Order; Judgement; Unreported Order** (describe document being appealed; e.g. final judgment, order) entered in this action on **4/23/24; 4/24/24; 7/30/24** (filed date of document being appealed).

_(Signature of Appellant or Attorney)_

Larry Golden
(Printed Name)

740 Woodruff Rd., #1102
(Street Address)

Greenville, SC 29607
(City, State, ZIP Code)

864-992-7104
(Phone Number)

Received – USCFC
AUG 2 2 2024

APPEAL,CLOSED,PRO SE

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
### CIVIL DOCKET FOR CASE #: 1:23-cv-00811-EGB
### Internal Use Only

GOLDEN v. USA  
Assigned to: Senior Judge Eric G. Bruggink  
Demand: $1,000,000  
Cause: 28:1491 Tucker Act  

Date Filed: 05/31/2023  
Date Terminated: 04/24/2024  
Jury Demand: None  
Nature of Suit: 508 Patent  
Jurisdiction: U.S. Government Defendant  

**Plaintiff**

LARRY GOLDEN            represented by  **LARRY GOLDEN**
740 Woodruff Road
#1102
Greenville, SC 29607
(864) 288-5605
PRO SE

V.

**Defendant**

USA            represented by  **Grant Drews Johnson**
DOJ-Civ
1100 L Street NW
Suite 8002
Washington, DC 20530
202-305-2513
Fax: 202-307-0345
Email: Grant.D.Johnson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A TRUE COPY:**
**TEST:        8/22/2024**

*Lisa L. Reyes*
**Clerk, U.S. Court of Federal Claims**

**By:** *Anthony Curry*
**Deputy Clerk**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2023 | 1 | COMPLAINT against USA (DOD) (Filing fee $402, Receipt number CFC100005882) (Copy Served Electronically on Department of Justice), filed by LARRY GOLDEN. **Answer due by 8/4/2023.** (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(vds) Modified on 6/8/2023 to add receipt number (mjk). Modified on 6/14/2023 to edit response date (vds). (Entered: 06/05/2023) |
| 06/05/2023 | 2 | Notice of Random Assignment Pursuant to Rule 40.1(a) to Judge Matthew H. Solomson. (vds) (Entered: 06/05/2023) |
| 06/05/2023 | 3 | NOTICE of Non-ECF Case. (vds) (Entered: 06/05/2023) |

| | | |
|---|---|---|
| 06/05/2023 | 4 | GENERAL ORDER No. 2022-01 dated 9/12/2022 continuing the suspension of paper filing requirements in pro se cases: Consistent with this court's General Orders issued on 3/18/2020, 11/13/2020, 12/23/2020, and 3/3/2021, it is ordered that judges, special masters, the Clerk of Court, and counsel of record for the United States may file electronically in pro se cases using the court's Case Management/Electronic Case Filing (CM/ECF) system. Pro se litigants shall, absent extraordinary circumstances, submit all case filings via e-mail to ProSe_case_filings@cfc.uscourts.gov. Pro se litigants may, if feasible, receive notification by e-mail of all electronic filings by filing an E-Notification Consent Form, attached to the General Order. (vds) Service on parties made. **Docket nos. 2,3,4, sent first class mail on 6.5.23 ac7**. (Entered: 06/05/2023) |
| 06/12/2023 | 5 | NOTICE of Appearance by Grant Drews Johnson for USA . (Johnson, Grant) (Entered: 06/12/2023) |
| 06/14/2023 | 6 | NOTICE of Directly Related Case(s) [13-307], filed by USA *and Motion to Transfer to Senior Judge Eric G. Bruggink*. (Attachments: # 1 Exhibit 1 (Sixth Amended Complaint in Case No. 13-307), # 2 Exhibit 2 (Complaint in Golden v. Google (N.D. Cal.)))(Johnson, Grant) (Entered: 06/14/2023) |
| 06/15/2023 | 7 | ORDER TRANSFERRING CASE to Judge Eric G. Bruggink. Signed by Judge Matthew H. Solomson. (cmb) Service on parties made. Plaintiff served via first class mail on 06.20.2023 (mjk). Modified on 6/20/2023 (mjk). (Entered: 06/15/2023) |
| 06/15/2023 | 8 | NOTICE of Reassignment. Case reassigned to Senior Judge Eric G. Bruggink for all further proceedings. Judge Matthew H. Solomson no longer assigned to the case. (vds) Plaintiff served via first class mail on 06.20.2023 (mjk). Modified on 6/20/2023 (mjk). (Entered: 06/16/2023) |
| 06/20/2023 | 9 | MOTION for Summary Judgment, filed by LARRY GOLDEN. Service: 6/20/2023. **Response due by 7/18/2023.** (Attachments: # 1 Exhibit)(vds) (Entered: 06/20/2023) |
| 07/14/2023 | 10 | MOTION to Dismiss pursuant to Rule 12(b)(6) , filed by USA.**Response due by 8/11/2023.** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Johnson, Grant) (Entered: 07/14/2023) |
| 07/14/2023 | 11 | MOTION to Stay Briefing on Plaintiff's Motion for Summary Judgment (Dkt. 9) , filed by USA.**Response due by 7/28/2023.**(Johnson, Grant) (Entered: 07/14/2023) |
| 07/19/2023 | 12 | MOTION for Disqualification, filed by LARRY GOLDEN. Service: 7/19/2023. **Response due by 8/2/2023.** (Attachments: # 1 Exhibit, # 2 Exhibit)(vds) (Entered: 07/25/2023) |
| 07/24/2023 | 13 | MOTION to Strike 10 MOTION to Dismiss pursuant to Rule 12(b)(6) , filed by LARRY GOLDEN. Service: 7/24/2023. **Response due by 8/7/2023.**(vds) (Entered: 07/25/2023) |
| 07/25/2023 | 14 | RESPONSE to 11 MOTION to Stay Briefing on Plaintiff's Motion for Summary Judgment (Dkt. 9) , filed by LARRY GOLDEN. **Reply due by 8/1/2023.** Service: 7/25/2023.(vds) (Entered: 07/27/2023) |
| 07/31/2023 | 15 | REPLY to Response to Motion re 11 MOTION to Stay Briefing on Plaintiff's Motion for Summary Judgment (Dkt. 9) , filed by USA. (Johnson, Grant) (Entered: 07/31/2023) |

| | | |
|---|---|---|
| 07/31/2023 | 16 | RESPONSE to 12 MOTION for Disqualification , filed by USA.**Reply due by 8/7/2023.** (Johnson, Grant) (Entered: 07/31/2023) |
| 07/31/2023 | 17 | REPLY to Response to Motion re 13 MOTION to Strike 10 MOTION to Dismiss pursuant to Rule 12(b)(6) , 10 MOTION to Dismiss pursuant to Rule 12(b)(6) , filed by USA. (Johnson, Grant) (Entered: 07/31/2023) |
| 07/31/2023 | 18 | ORDER granting 11 Motion to Stay briefing on Plaintiff's motion for summary judgment; denying 13 Motion to Strike 10 MOTION to Dismiss pursuant to Rule 12(b)(6) Signed by Senior Judge Eric G. Bruggink. (jpk1) Service on parties made. *Plaintiff served via first class mail on 08.01.2023.* (ac7) (Entered: 07/31/2023) |
| 08/04/2023 | 19 | REPLY to Response to Motion re 12 MOTION for Disqualification, filed by LARRY GOLDEN. Service: 8/4/2023.(vds) (Entered: 08/08/2023) |
| 08/09/2023 | 20 | RESPONSE to 10 MOTION to Dismiss pursuant to Rule 12(b)(6) , filed by LARRY GOLDEN.**Reply due by 8/23/2023.** Service: 8/9/2023.(vds) (Entered: 08/10/2023) |
| 08/21/2023 | 21 | REPLY to Response to Motion re 10 MOTION to Dismiss pursuant to Rule 12(b)(6) , filed by USA. (Attachments: # 1 Exhibit 1)(Johnson, Grant) (Entered: 08/21/2023) |
| 08/30/2023 | 22 | MOTION for Judicial Notice, filed by LARRY GOLDEN. Service: 8/30/2023. **Response due by 9/13/2023.** (Attachments: # 1 Exhibit A, # 2 Exhibit B)(vds) (Entered: 08/31/2023) |
| 08/31/2023 | 23 | NOTICE OF SUPPLEMENTAL AUTHORITIES, filed by LARRY GOLDEN. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) Service: 8/31/2023.(vds) (Entered: 09/01/2023) |
| 09/11/2023 | 24 | RESPONSE to 22 MOTION for Judicial Notice , filed by USA.**Reply due by 9/18/2023.** (Johnson, Grant) (Entered: 09/11/2023) |
| 09/13/2023 | 25 | REPLY to Response to Motion re 22 MOTION for Judicial Notice, filed by LARRY GOLDEN. Service: 9/13/2023.(vds) (Entered: 09/13/2023) |
| 04/04/2024 | 26 | NOTICE, filed by USA *Regarding Related Proceedings*. (Attachments: # 1 Exhibit 1 (April 3, 2024 Order in Golden v. Google (N.D. Cal.)), # 2 Exhibit 2 (Exhibit H to First Amended Complaint in Golden v. Google (N.D. Cal.)))(Johnson, Grant) (Entered: 04/04/2024) |
| 04/10/2024 | 27 | MOTION for Judicial Notice, filed by LARRY GOLDEN. Service: 4/9/2024. **Response due by 4/24/2024.** (Attachments: # 1 Exhibit 1)(vds) (Entered: 04/11/2024) |
| 04/23/2024 | 28 | REPORTED Order granting 10 MOTION to Dismiss pursuant to Rule 12(b)(6) filed by USA, The Clerk is directed to enter judgment. Signed by Senior Judge Eric G. Bruggink. (jpk1) Service on parties made. *Plaintiff served via certified mail on this day. Article no. 7018 0040 0001 1393 2942* Modified on 4/24/2024 (vds). (Main Document 28 replaced on 5/7/2024 to attach corrected PDF) (ypb). (Entered: 04/23/2024) |
| 04/24/2024 | 29 | JUDGMENT entered pursuant to Rule 58, that plaintiff's complaint is dismissed for failure to state a claim.*(Service on parties made. Plaintiff served via USPS)* (ar) (Entered: 04/24/2024) |

| | | |
|---|---|---|
| 04/30/2024 | 30 | MOTION for Reconsideration, filed by LARRY GOLDEN. Service: 4/30/2024. (vds) (Entered: 05/03/2024) |
| 07/17/2024 | 32 | MOTION to Request Status Update on Motion for Reconsideration, filed by LARRY GOLDEN. **Filed by Leave of the Judge** Denied as Moot; See ECF 31 Service: 7/17/2024. (vds) Modified on 8/7/2024 (vds). (Entered: 08/07/2024) |
| 07/30/2024 | 31 | UNREPORTED ORDER denying 30 Motion for Reconsideration filed by LARRY GOLDEN and allowing filed motion for status update (received on 7/17/2024), and denying it as moot.. Signed by Senior Judge Eric G. Bruggink. (jpk1) Service on parties made. Plaintiff served via First Class Mail on 08/02/2024 (km1). (Entered: 07/30/2024) |
| 08/22/2024 | 33 | NOTICE OF APPEAL, filed by LARRY GOLDEN. Filing fee $ 605. Copy to CAFC. (ac7) (Entered: 08/22/2024) |

**CORRECTED**

In the United States Court of Federal Claims

No. 23-811C
(Filed: April 23, 2024)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LARRY GOLDEN,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    *Larry Golden*, pro se.

    *Grant Johnson*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Scott Bolden*, Director, for defendant.

ORDER

BRUGGINK, *Judge*

    Plaintiff Larry Golden, appearing *pro se*, filed his most recent, fourth complaint in this court on May 31, 2023. In it, Mr. Golden alleges the United States, through the Defense Threat Reduction Agency "authorized or consented" to the use of Google phones that infringed on the same patents[1] as those previously asserted in his first case, filed in 2013 ("*Golden I*"). Compl. ¶ 21 (the present case is "*Golden IV*"). Except for the manufacturer of the accused devices and the agency alleged to have authorized the

---

[1] Those are U.S. Patents No. 10,163,287, 9,589,439, and 9,096,189. A fourth patent, not asserted in this case, was also alleged to have been infringed in *Golden I*.

infringing use, the present case is otherwise virtually identical to plaintiff's first patent complaint.

In *Golden I* (Case No. 13-307), plaintiff alleged that the government infringed the claims of five related patents through a Department of Homeland Security ("DHS") initiative known as "CELL-ALL." Eventually, he identified virtually all cell phones manufactured by Apple and Samsung after the 2011 DHS initiative as infringing. After plaintiff amended his complaint six times, *Golden I* was dismissed on November 10, 2021, with prejudice for failure to conform his infringement contentions to the court's rules. *Golden v. United States*, 156 Fed. Cl. 623, 632 (2021). Plaintiff appealed, and the Federal Circuit affirmed the dismissal on September 8, 2022. *Golden v. United States*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. 2022). Mr. Golden also filed two other actions in this court, founded on constitutional theories, which are not germane to the present issues.[2]

Mr. Golden also recently brought his theories to the federal district courts in South Carolina and California, asserting similar patent claims to those here against Google and other companies. We need not discuss all of the litigation that those complaints have spawned. What is relevant here, however, is that Mr. Golden filed infringement claims against Apple, and others, in the District of South Carolina which were dismissed as frivolous. On appeal, however, the Federal Circuit reversed, holding that the Apple

---

[2] Plaintiff filed his second action on January 17, 2019, alleging a Fifth Amendment taking based on the Patent Trial & Appeal Board's cancellation of certain claims of another of plaintiff's patents during an *inter partes* review ("IPR") ("*Golden II*"). The court dismissed *Golden II* with prejudice on May 14, 2019, finding that the cancellation of the patent claims was plainly the result of plaintiff's voluntary amendment, not government action. *Golden v. United States*, No. 19-104C, 2019 WL 2056662 (Fed. Cl. 2019) ("*Golden II*"). The Federal Circuit also affirmed this dismissal. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020).

Plaintiff filed his third action here on February 7, 2023, again on the grounds that DHS took one of his patents during the IPR without compensating him. *See Golden v. United States*, No. 23-185C, 2023 WL 4466401 (Fed. Cl. May 30, 2023) ("*Golden III*"). Before granting the government's motion to dismiss for lack of jurisdiction on statute of limitations grounds, we noted that *res judicata* would otherwise clearly bar the claim due to its near-identical nature to the claims proposed in *Golden II*. *Id.*, *aff'd*, No. 2023-2139, 2023 WL 8663093 (Fed. Cir. Dec. 15, 2023).

complaint was not facially frivolous, but the court took no position on the merits of the infringement claim itself. *Golden v. Apple, Inc.*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). As discussed later, a misunderstanding of the import of that decision was the impetus for plaintiff's instant case.

In the present suit, defendant has moved to dismiss on the basis that Mr. Golden's claim is barred due to the preclusive effect of the judgment entered in *Golden I*.[3] Plaintiff has since filed a motion for summary judgment, arguing that the Federal Circuit's reversal of the South Carolina district's dismissal is grounds for judgment in his favor here. Mr. Golden notes in that motion that the elements of the accused devices in this case and those in the South Caroline case are "virtually identical." Mr. Golden also filed a motion for disqualification of the undersigned on the grounds of coercion and "difficulty," or, in the alternative, bias. Lastly, plaintiff filed two motions for judicial notice, the first regarding certain facts he believes relevant to his theory of infringement, and the second concerning filings he made in one of his cases in the Northern District of California.[4] Because, as explained below, the complaint fails to state a claim upon which relief can be granted, we need not reach any of the latter motions. The motion for disqualification we deny.

Defendant argues that plaintiff's claims against the government accusing Google phones are barred by the doctrine of claim preclusion, traditionally known as *res judicata*, because the newly accused devices are virtually identical to the devices he has previously accused. The government argues that, because his prior case was dismissed with prejudice, which operates as a judgment of non-infringement, his new claim is also barred because it has already been decided. *See Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) ("a dismissal with prejudice . . . is a judgment on the merits"). Put another way, because there is no practical difference, at least as to the features alleged to be infringing, between the Google phones now accused and the Apple and Samsung products previously accused, there is nothing new to be decided now. The thing has been decided

---

[3] Defendant also argues that plaintiff's theory of infringement is facially defective and fails to state a claim. We do not reach this issue because the complaint is plainly barred by *res judicata* and the associated *Kessler* doctrine.

[4] Plaintiff also filed a motion to strike defendant's motion to dismiss, which we denied by order on July 31, 2023.

("*res judicata*"). Further, to the extent that our judgment in *Golden I* would not cover any alleged infringement post-dating that judgment, defendant argues that the *Kessler* doctrine expands the reach of claim preclusion to cover those allegations as well. *Kessler v. Eldred*, 206 U.S. 285 (1907) (206 U.S. 285 (1907) (Holding that a judgment of a product's non-infringement may not be re-litigated, even if the parties are different and the alleged infringement post-dates the earlier judgment).

The doctrine of *res judicata* prevents re-litigation of claims previously decided. *See generally Sharp Kabushiki Kaisha v. ThinkSharp, Inc.*, 448 F.3d 1368, 1372 (Fed. Cir. 2006)**.** The current complaint, however, is aimed at different infringing devices, Google phones, not expressly implicated in *Golden I*. Defendant, however, argues that, because there is no substantive difference between the phones now implicated by the present complaint and those alleged to be infringing in the earlier case, claim preclusion applies. We agree.

In the Federal Circuit, claim preclusion in a patent suit generally applies "when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014). The same patents and the same parties are clearly involved. The question then is whether the Google phones are the same as the subject of the previous suit. They are, of course, not literally the same phones. As defendant rightly points out, however, the subject matter is the same for claim preclusion in an infringement suit if the formerly accused and the newly accused devices are "essentially the same." *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479-80 (Fed. Cir. 1992). They are essentially the same if the new devices are "materially identical . . . [to the earlier devices] with respect to the pertinent claim limitations at issue." *Nystrom v. Trex co., Inc.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009). The focus is thus on what is claimed to be infringing in the new devices to see whether it is "essentially the same" as what was claimed to have been infringing in the old devices. Here, as explained below, the elements in these new phones that Mr. Golden alleges to be infringing are the same as those he claimed to be infringing in *Golden I*. Thus, claim preclusion applies, at least as to pre-*Golden I* judgment infringement.[5]

---

[5] Any alleged infringing acts after the judgment in *Golden I* are not barred by claim preclusion because they do not arise from the same transactional facts, or "infringing acts." Definitionally, post-judgment infringement cannot be the same acts already considered, and thus the claims cannot be the same for purposes of claim preclusion. *See, e.g, Brain Life, LLC v. Elektra Inc.*, 746 F.3d 1045, 1054 (Fed. Cir. 2014). Absent the *Kessler*

In the present complaint, Mr. Golden concedes that his current claim is "virtually identical" in that "the results are the same" when compared to devices also accused in *Golden I*. Compl. ¶ 17; *see also* ¶¶ 18-20. Further illustrating that the subject matter is essentially the same in this suit as his first, the complaint also contains a comparison between the Google Pixel 5 phone and the Apple iPhone 12, Samsung Galaxy S21, and LG V60 phones. The latter three of those phones were all accused by plaintiff in *Golden I*, as evidenced by the Corrected Claim Chart filed by Mr. Golden there, excerpts of which were appended to defendant's motion to dismiss in this docket, which we treat as judicial admissions by Mr. Golden. Plaintiff went on to explain on page 13 of the present complaint that the use of the Pixel 5 phone is illustrative of the infringement of the other Google phones that he is accusing in this suit. Thus we are assured that all of the newly alleged infringement overlaps with what he claimed in *Golden I*. Even a cursory review of the rest of the present complaint—the comparison of devices mentioned above—reveals that they are materially identical to the charts filed in *Golden I*. The same elements of the Apple, Samsung, and LG phones alleged to be infringing in the first suit are what he accuses now in the Google phones, as illustrated by the Pixel 5 claim chart in his complaint (e.g., a central processing unit, GPS, wifi or Bluetooth connectivity, and biometrics). In fact, he performs the comparison himself in the present complaint again by including a comparison of the Apple, Samsung and LG devices with the Google Pixel 5. The subject of the two suits is "essentially the same" because the devices are identical with respect to the elements plaintiff claims are infringing.

The Federal Circuit has on several instances stated that claim preclusion has a temporal limitation as to the date of the preclusive judgment. *E.g.*, *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1376 (Fed. Cir. 2020). The government thus invokes the *Kessler* doctrine as covering the "temporal limitation" gap of claim preclusion. In *Kessler v. Eldred*, the Supreme Court adopted an enlargement of traditional claim and issue preclusion doctrines to further preserve the utility of previous judgments of non-infringement by holding that a prior judgment of non-infringement would bar new

---

doctrine, the issue of whether a prior judgment of non-infringement was preclusive of post-judgment acts would be considered under the rubric of issue preclusion, also known as collateral estoppel. Collateral estoppel was not raised by the government, nor need it have been, because, in the patent context, as will be discussed below, *Kessler* enlarges the reach of non-infringement judgments, or, as defendant puts it, bridges the temporal gap left by claim preclusion.

5

infringement claims for post-judgment acts, against third parties, and covering very similar accused devices. 206 U.S. 285 (1907); *see also SpeedTrack, Inc. v. Office Depot, Inc.*, 971 F.3d 1317, 1318 (Fed. Cir. 2015) (recognizing that, absent *Kessler*, patent holders could escape prior judgments of non-infringement by suing customers of the earlier defendant for post-judgment infringement). The key issue is whether the accused devices are the same or "essentially the same," just as with claim preclusion. *Brain Life, LLC v. Elektra Inc.*, 746 F.3d 1045, 1057 (Fed. Cir. 2014). If so, pursuant to *Kessler*, a trade right in the devices attaches after a judgment of non-infringement and those devices, along with others that are "essentially the same," are protected from future allegations of infringement. *In re PersonalWeb*, 961 F.3d at 1379. As explained above, the newly accused devices are essentially the same as those previously accused, and thus doctrines of *res judicata* and *Kessler* preclude litigating these issues against the government again.

Plaintiff's only argument is that, because the Federal Circuit reversed and remanded the decision of the District Court for South Carolina in *Golden v. Apple Inc.*, we should overlook *Kessler*. In Mr. Golden's view of the circuit's opinion, infringement has been established. That, however, is a dramatic misreading of the appellate opinion. The Federal Circuit was careful to note that it "express[ed] no opinion as to the adequacy of the complaint or claim chart except that it is not facially frivolous." *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022). Nothing in the Federal Circuit's opinion is germane to the questions of claim preclusion and the *Kessler* doctrine, both of which we find preclude consideration of the present complaint because the devices accused are, as conceded by plaintiff, "virtually identical," or "essentially the same" as those already adjudged in the first suit, *Golden I*. Compl. ¶17.

The Federal Circuit was recently confronted with a similar situation in which the patentee had infringement claims dismissed with prejudice for discovery abuses. When that patentee brought a later suit, accusing different devices, the district court dismissed it, *inter alia*, as precluded by *Kessler*. The Federal Circuit affirmed, holding that a dismissal with prejudice, whatever the underlying reason, is a judgment of non-infringement for purposes of the *Kessler* doctrine. *Askan v. FARO Techs., Inc.*, 2023 WL 4101351, at *3 (Fed. Cir. June 21, 2023). Thus, because the devices were found to be essentially the same, *Kessler* applied. *Id.* at *4. Here, Mr. Golden's claims in his first suit were dismissed with prejudice. 156 Fed. Cl. at 632. As explained above, the newly accused devices are essentially the same as those previously alleged to be infringing, as plaintiff admits. Thus,

6

*Kessler* applies, and the present claim is barred. Accordingly, the following is ordered:

1. Plaintiff's motion seeking disqualification of the undersigned is denied.

2. Defendant's motion to dismiss is granted.

3. The Clerk of Court is directed to dismiss the complaint pursuant to rule 12(b)(6) for failure to state a claim.

4. All other motions are denied as moot.

s/ Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge