Appeal No. 2024-2256

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LARRY GOLDEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

On Appeal from the United States Court of Federal Claims in
Case No. 1:23-cv-00811, Senior Judge Eric G. Bruggink

## MOTION OF DEFENDANT-APPELLEE UNITED STATES
## FOR SUMMARY AFFIRMANCE

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General* |
|  |  |
|  | SCOTT BOLDEN<br>*Director* |
|  |  |
|  | GRANT D. JOHNSON |
| Of Counsel:<br>CONRAD J. DeWITTE, JR.<br>Department of Justice | *Trial Attorney*<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC 20530<br>(202) 305-2513 |

Pursuant to Fed. R. App. P. 2 and Fed. R. App. P. 27, Defendant-Appellee the United States (the Government) respectfully requests that the Court summarily affirm the April 23, 2024 order and April 24, 2024 judgment of the Court of Federal Claims dismissing the complaint of Plaintiff-Appellant, Larry Golden, for failure to state a claim, *see* A001 & A008, and the July 30, 2024 order of the Court of Federal Claims denying Mr. Golden's motion for reconsideration, *see* A009.

Summary affirmance is appropriate here because there is no substantial question as to the outcome of this appeal. And as this motion—if granted—would terminate this appeal, the Government respectfully requests that the Court suspend any additional briefing pending the Court's decision on this motion, pursuant to Fed. Cir. R. 31(c).

In accordance with Fed. Cir. R. 27(a)(2), the undersigned counsel for the Government has discussed the contents of this motion with Mr. Golden. The Government understands from Mr. Golden's response that he opposes the relief sought in this motion and intends to file a response.

## Statement of the Issue

Whether this Court should summarily affirm the trial court's dismissal of Plaintiff-Appellant's complaint because no substantial question exists regarding the outcome of this appeal.

## Background

Plaintiff-Appellant Larry Golden filed his complaint in the Court of Federal Claims on May 31, 2023. A014. Mr. Golden's complaint alleges that the Government was responsible for "funding of research that led to the development" of smartphones manufactured by "Google, Apple, Samsung, LG, Qualcomm," and other third-party tech companies, *see* A022 (at ¶¶ 32–34), and accuses those smartphone devices of infringing various claims of his patents, *see* A034–A041 ("The Alleged Infringing Smartphones Google, Apple, Samsung, LG, and Qualcomm"), A042.

This is the second time that Mr. Golden has presented these theories of alleged Government infringement to this Court.[1] In the

---

[1] Mr. Golden has separately presented similar claims of alleged patent infringement by various tech companies to this Court in numerous other cases. *See* Nos. 20-1508 (*Golden v. Apple*), 22-1229 (*Golden v. Apple*), 22-1267 (*Golden v. Google*), 23-1161 (*Golden v. Apple*), 23-1257 (*Golden v. Intel*), 23-1818 (*Golden v. Qualcomm*),

first case (No. 22-1196) ("*Golden I*"), this Court upheld the Court of Federal Claims' dismissal of Mr. Golden's patent infringement claims against the Government, explaining that "[d]espite having eight years to develop his case and two chances to provide [compliant] infringement contentions . . . Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents." *Golden v. United States*, 2022 WL 4103287, at *1–2 (Fed. Cir. Sept. 8, 2022). Mr. Golden's complaint in the present case states that the smartphone elements he now accuses of infringement are "virtually identical" to those accused of infringement in *Golden I*, *see* A018 (at ¶ 17), and that the present suit is intended to "respond[] to" and "cure[] the deficiencies identified in" *Golden I*, *see id.* (at ¶ 18).

The Court of Federal Claims dismissed Mr. Golden's complaint in the present case on April 23, 2024. A001 (*Golden v. United States*, 171 Fed. Cl. 33 (April 23, 2024)). Noting that Mr.

---

23-2120 (*Golden v. Samsung*), and 24-2024 (*Golden v. Google*). But as this Court noted in *Golden v. Apple* (No. 23-1161), "[a]fter ten years of asserting these claims in multiple jurisdictions, Mr. Golden has yet to cure the deficiencies in his allegations." 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023).

Golden himself "concedes that his current claim is 'virtually identical' in that 'the results are the same' when compared to devices also accused in *Golden I*," the trial court held that the "doctrines of *res judicata* and *Kessler* preclude litigating these issues against the government again." A005–A006; *see also* A005 (noting that "[e]ven a cursory review of the rest of the present complaint . . . reveals that [the charts in Plaintiff's present complaint] are materially identical to the charts filed in *Golden I*").

Judgment was entered by the Court of Federal Claims on April 24, 2024. A008. The trial court subsequently denied Mr. Golden's motion for reconsideration on July 30, 2024. A009.

## Argument

### I. Legal Standard

Disposition of an appeal by summary affirmance is "appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Chem. Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed. Cir. 1984) (summarily affirming where the

appeal was "clearly hopeless and unquestionably without any possible basis in fact or law"). This Court has previously found summary affirmance to be appropriate where a trial court has held that a patentee's attempts to "relitigat[e]" already adjudicated patent infringement claims were "barred by the doctrine of *res judicata*." *Hemphill v. Kimberly-Clark Corp.*, 335 Fed. App'x 964, 965 (Fed. Cir. 2008); *see also Hemphill v. Procter & Gamble Co.*, 185 Fed. App'x 938 (Fed. Cir. 2006).

II. **The Court should summarily affirm the trial court's judgment because Mr. Golden's attempt to relitigate his previously dismissed patent infringement claims is clearly barred by *res judicata* and the *Kessler* doctrine.**

"Claim preclusion," also known as the doctrine of *res judicata*, "will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) (citing *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1557 (Fed. Cir. 1996)). This Court has explained that accused devices are "essentially the same" for purposes of claim preclusion if they are "materially identical . . . with respect to the pertinent claim limitations at issue." *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286

– 5 –

(Fed. Cir. 2009). And while "traditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, *i.e.*, post-final judgment, in a second suit—even where the products are the same in both suits," *Brain Life, LLC v. Elektra Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014), the *Kessler* doctrine bars claims "against essentially the same products made or sold after the judgment of noninfringement in the earlier case, *i.e.*, products that claim preclusion could not reach because of their *timing*," *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018) (emphasis in original) (citing *Brain Life*, 746 F.3d at 1054, 1058–59).

Here, the trial court was correct to hold that—due to this Court's previous decision in *Golden I*—the "doctrines of *res judicata* and *Kessler*" clearly bar Plaintiff from relitigating his patent infringement claims in the present case. A006. As the trial court noted, not only does "Mr. Golden concede[] that his current claim is 'virtually identical' in that 'the results are the same' when compared to devices also accused in *Golden I*," but "[e]ven a cursory review of the rest of the present complaint . . . reveals that [the

– 6 –

charts in Plaintiff's present complaint] are materially identical to the charts filed in *Golden I*." A005.

The trial court further noted that Mr. Golden's "only argument" that his already-litigated patent infringement claims should not be barred by *res judicata* and the *Kessler* doctrine is his belief that this Court allegedly confirmed infringement by the accused smartphone devices in its *Golden v. Google* opinion, issued the same day as *Golden I*. A006 (citing *Golden v. Google*, No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)). But as the trial court correctly observed, "[t]hat . . . is a dramatic misreading of the appellate opinion." *Id*. Indeed, this Court has already repeatedly explained to Mr. Golden in other cases that its *Golden v. Google* opinion "expressed no opinion as to the adequacy of the complaint," and did "not preclude subsequent motions to dismiss for failure to state a claim." *Golden v. Samsung*, No. 23-2120, 2024 WL 539973, at *2 (Fed. Cir. Feb. 12, 2024); *see also Golden v. Qualcomm*, No. 23-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023).

## **Conclusion**

The claims in Mr. Golden's complaint, which were previously litigated in *Golden I*, are clearly barred by *res judicata* and the *Kessler* doctrine. The Government respectfully submits that this Court should summarily affirm the trial court's dismissal of Mr. Golden's complaint.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SCOTT BOLDEN
*Director*

Of Counsel:
CONRAD J. DeWITTE, JR.
Department of Justice

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
*Grant.D.Johnson@usdoj.gov*
T: (202) 305-2513
F: (202) 307-0345

September 11, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements and type-volume limitation of Fed. R. App. P. 27(d) and Fed. Cir. R. 27(a).  This motion contains 1,385 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).  This motion has been prepared using Microsoft Word 2016 in size 14-point Century Schoolbook font, a proportionally spaced typeface.

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
