Appeal No. 2024-2256

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

———————————

LARRY GOLDEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

On Appeal from the United States Court of Federal Claims in
Case No. 1:23-cv-00811, Senior Judge Eric G. Bruggink

———————————

## RESPONSE OF DEFENDANT-APPELLEE UNITED STATES TO PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY AFFIRMANCE

———————————

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SCOTT BOLDEN
*Director*

GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
(202) 305-2513

Of Counsel:
CONRAD J. DeWITTE, JR.
Department of Justice

Plaintiff-Appellant Larry Golden's "motion for summary affirmance"[1] is procedurally improper[2] and substantively unfounded. Mr. Golden's motion should be denied. And because the arguments in Mr. Golden's motion only further confirm that there is no substantial question as to the outcome of this appeal, the Government respectfully submits that Mr. Golden's motion further illustrates why the Government's concurrently filed motion for summary affirmance (Dkt. 9-1) should be granted.

Disposition of an appeal by summary affirmance is "appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Chem. Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed. Cir. 1984) (summarily affirming where the

---

[1] While Mr. Golden's motion is styled as a request for "summary affirmance," *see* Dkt. 7 at 1 ("respectfully request[ing] that this Appellate Court summarily affirm the current case on appeal"), he in fact appears to be requesting that this Court summarily *reverse* the judgment of the trial court, *see generally* Dkt. 7.

[2] Mr. Golden's motion fails to comply with the length limits of Fed. R. App. P. 27(d). Nor did Mr. Golden discuss this motion with the Government prior to filing, as required by Fed. Cir. R. 27(a).

appeal was "clearly hopeless and unquestionably without any possible basis in fact or law"). And here, it is the arguments in Mr. Golden's motion that lack any basis in fact or law.

The primary argument in Mr. Golden's motion is that this Court allegedly confirmed infringement by the accused smartphones in a September 2022 opinion issued in a separate case. *See* Dkt. 7 at 2–7, 25–26 ("the Federal Circuit impl[ied] to say under the 'clear and convincing evidence' standard, Google's smartphone products . . . are more likely than not [] directly infringing Golden's patents asserted in the case") (citing *Golden v. Google*, No. 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)). But as noted in the Government's concurrently filed motion for summary affirmance, Mr. Golden's understanding of that prior opinion (and thus, the basis for his motion) is fundamentally mistaken. *See* Dkt. 9-1 at 7. This Court has already repeatedly explained to Mr. Golden that its *Golden v. Google* opinion made no findings on infringement; rather, it "expressed no opinion as to the adequacy of th[at] complaint" and did "not preclude subsequent motions to dismiss for failure to state a claim." *Golden v. Samsung*, No. 23-2120, 2024 WL 539973, at *2

(Fed. Cir. Feb. 12, 2024); *see also Golden v. Qualcomm*, No. 23-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023).

The remainder of Mr. Golden's motion seeks to relitigate his patent infringement allegations against various smartphone devices that he previously presented to this Court in his prior case against the Government (No. 22-1196) ("*Golden I*"). *See* Dkt. 7 at 4–5 (arguing that Apple, Google, Samsung, LG, and Qualcomm smartphone devices allegedly infringe Mr. Golden's patents), 8–21 (citing various filings in *Golden I*). But this only further confirms that the trial court was clearly correct to find those claims barred by *res judicata* and the *Kessler* doctrine, as explained in the Government's concurrently filed motion for summary affirmance. *See* Dkt. 9-1 at 6–7. This Court has already affirmed the Court of Federal Claims' dismissal of those patent infringement allegations in *Golden I*, explaining that "[d]espite having eight years to develop his case and two chances to provide [compliant] infringement contentions . . . Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents." *Golden v. United States*, 2022 WL 4103287, at *1–2 (Fed. Cir. Sept. 8, 2022).

– 3 –

Mr. Golden's procedurally improper and substantively unsupported motion should be denied, and the trial court's dismissal of Mr. Golden's complaint should be summarily affirmed.


Respectfully submitted,

<div style="margin-left: 40%;">

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SCOTT BOLDEN
*Director*

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
*Grant.D.Johnson@usdoj.gov*
T: (202) 305-2513
F: (202) 307-0345

</div>

Of Counsel:
CONRAD J. DeWITTE, JR.
Department of Justice

September 11, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the requirements and type-volume limitation of Fed. R. App. P. 27(d) and Fed. Cir. R. 27(b).  This response contains 651 words, excluding the parts of the response exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).  This response has been prepared using Microsoft Word 2016 in size 14-point Century Schoolbook font, a proportionally spaced typeface.


*/s/ Grant D. Johnson*
GRANT D. JOHNSON