Appeal No. 2024-2256

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LARRY GOLDEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

On Appeal from the United States Court of Federal Claims in
Case No. 1:23-cv-00811, Senior Judge Eric G. Bruggink

**REPLY OF DEFENDANT-APPELLEE,
THE UNITED STATES, IN SUPPORT OF ITS
MOTION FOR SUMMARY AFFIRMANCE**

BRIAN M. BOYNTON
*Principal Deputy Assistant
Attorney General*

SCOTT BOLDEN
*Director*

GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
(202) 305-2513

Plaintiff-Appellant Larry Golden's response (Dkt. 12) to the Government's motion for summary affirmance confirms that his patent infringement claims are barred by *res judicata* and the *Kessler* doctrine, due to this Court's decision in Mr. Golden's previous suit litigating identical claims against the Government (No. 22-1196, "*Golden I*"). As no substantial question exists regarding the outcome of this appeal, this Court should summarily affirm the trial court's dismissal of Mr. Golden's complaint.

**I. Mr. Golden's argument that this Court's holding in *Golden I* should be considered "moot" is incorrect and stems from Mr. Golden's misunderstanding of this Court's opinions in his other cases.**

The primary argument in Mr. Golden's response is the same argument he advanced at the trial court: that this Court's holding in *Golden I* should be treated as "moot," as should the underlying *Golden I* trial court judgment. *See* Dkt. 12 at 6 (arguing that the judgment in *Golden I* "became 'MOOT'"); *see also id.* at 13–15 ("the prior judgment, though challenged on appeal, was dismissed on '*mootness*' grounds"), 21. Mr. Golden is incorrect. As previously noted in the Government's motion, Mr. Golden's argument is based on a "dramatic misreading" of this Court's *Golden v. Google* opinion,

– 1 –

issued the same day as *Golden I*. *See* Dkt. 9-1 at 7. And Mr. Golden is similarly incorrect in arguing that this Court found "Direct Infringement by or for the Government" in its *Golden v. Samsung* opinion (Case No. 23-2120). *See* Dkt. 12 at 14–15. On the contrary, in *Golden v. Samsung*, this Court—after first explaining to Mr. Golden that his understanding of the Court's *Golden v. Google* opinion was mistaken, 2024 WL 539973, at *3—simply upheld the district court's judgment that Mr. Golden's complaint there had "insufficiently alleged infringement" by Samsung, *id.* at *4.

## II. Mr. Golden's response confirms that his already-litigated patent infringement claims are barred by *res judicata* and the *Kessler* doctrine.

The remainder of Mr. Golden's brief confirms that his present suit merely seeks to relitigate the same patent infringement theories that this Court previously adjudicated in *Golden I*. Mr. Golden again argues that the Government's "Cell-All" initiative led to the development of various smartphone devices that allegedly infringed his patents. *See* Dkt. 12 at 16–18, 20. But these are the same infringement allegations that were already fully litigated in *Golden I*, *see* 2022 WL 4103287, at *1 (Fed. Cir. Sept. 8, 2022),

– 2 –

where this Court previously found those theories deficient "[d]espite [Mr. Golden] having eight years to develop his case and two chances to provide infringement contentions," *id.* at *2.

Mr. Golden's response also argues for the first time that he should not be precluded from asserting "new patent claims" from U.S. Patent Nos. 10,984,619 and 11,645,898, which were "not asserted in the previous case," against "unmanned aerial vehicles (UAVs) or drones." Dkt. 12 at 2–3, 7–8, 18–19. But neither of those patents was asserted in this case, *see, e.g.*, Dkt. 9-2 at A015 (at ¶ 2), A020 (at ¶ 24), A026 (Plaintiff's May 31, 2023 Complaint), as Mr. Golden acknowledges, Dkt. 12 at 20 (noting that these "additional patent claims [are] not already asserted in this current case").

## Conclusion

Mr. Golden's response confirms that the patent infringement claims in his complaint were previously litigated in *Golden I* and are plainly barred by *res judicata* and the *Kessler* doctrine.

Accordingly, this Court should summarily affirm the trial court's dismissal of Mr. Golden's complaint.[1]

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SCOTT BOLDEN
*Director*

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
*Grant.D.Johnson@usdoj.gov*
T: (202) 305-2513
F: (202) 307-0345

September 23, 2024

---

[1] Mr. Golden additionally requests that the Court "strike the Government's most recent filings," Dkt. 12 at 21, and styles his response as a "cross-motion to strike," *id.* at 1. But Mr. Golden fails to point to any factual or legal justification for this meritless request, and such a motion is expressly prohibited by this Court's Rules. *See* Fed. Cir. R. 27(e) (stating that "[a] motion to strike all or part of a brief . . . is prohibited as long as the party seeking to strike has the right to file a responsive brief").

# CERTIFICATE OF COMPLIANCE

I hereby certify that this reply complies with the requirements and type-volume limitation of Fed. R. App. P. 27(d) and Fed. Cir. R. 27(b). This reply contains 670 words, excluding the parts of the reply exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b). This reply has been prepared using Microsoft Word 2016 in size 14-point Century Schoolbook font, a proportionally spaced typeface.

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
