Appeal No. 2024-2256

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

———————————

LARRY GOLDEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

On Appeal from the United States Court of Federal Claims in Case No. 1:23-cv-00811, Senior Judge Eric G. Bruggink

---

## BRIEF OF THE DEFENDANT-APPELLEE, THE UNITED STATES

---

BRIAN M. BOYNTON
*Principal Deputy*
*Assistant Attorney General*

SCOTT BOLDEN
*Director*

GRANT D. JOHNSON
*Trial Attorney*
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
(202) 305-2513

Of Counsel:
CONRAD J. DeWITTE, JR.
Department of Justice

## PATENT CLAIMS AT ISSUE

Pursuant to Federal Circuit Rule 32(a)(3), exemplary asserted independent claim 5 of the '287 patent has been reproduced below:

## U.S. Patent No. 10,163,287

Claim 5.  A monitoring device, comprising:

at least one central processing unit (CPU);

at least one temperature sensor in communication with the at least one CPU for monitoring temperature;

at least one motion sensor in communication with the at least one CPU;

at least one viewing screen for monitoring in communication with the at least one CPU;

at least one global positioning system (GPS) connection in communication with the at least one CPU;

at least one of an internet connection or a Wi-Fi connection in communication with the at least one CPU;

at least one of a Bluetooth connection, a cellular connection, or a satellite connection in communication with the at least one CPU;

at least one locking mechanism in communication with the at least one CPU for locking the communication device, the at least one locking mechanism configured to at least one of engage (lock) the communication device, disengage (unlock) the communication device, or disable (make unavailable) the communication device;

at least one power source comprising at least one of a battery, electrical connection, or wireless connection, to provide power to the communication device;

at least one biometric sensor in communication with the at least once CPU for providing biometric authentication to access the communication device;

at least one sensor for chemical, biological, or human detection in communication with the at least one CPU;

one or more detectors in communication with the at least one CPU for detecting at least one of chemical, biological, radiological, or explosive agents;

at least one radio-frequency near-field communication (NFC) connection in communication with the at least one CPU; and

at least one of a transmitter or a transceiver in communication with the at least one CPU configured to send signals to monitor at least one of a door, a vehicle, or a building, send signals to lock or unlock doors, send signals to control components of a vehicle, send signals to control components of a building, or send signals to detect at least one of a chemical biological, radiological, or explosive agent such that the communication device is capable of communicating, monitoring, detecting, and controlling.

# TABLE OF CONTENTS

STATEMENT OF RELATED CASES ...............................................1

COUNTER-STATEMENT OF APPELLATE JURISDICTION ......3

COUNTER-STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ......................................................................................3

COUNTER-STATEMENT OF THE CASE ...................................4

SUMMARY OF THE ARGUMENT ...............................................8

ARGUMENT .................................................................................9

I.    **Standard of Review** ......................................................**9**

II.   **The Court of Federal Claims Was Correct in Holding That Mr. Golden's Infringement Claims Are Barred by *Res Judicata* and the *Kessler* Doctrine.........................................10**

    A.    As the Court has already repeatedly explained, Mr. Golden's interpretation of this Court's opinion in *Golden v. Apple* is incorrect.................................................................15

    B.    Much of Mr. Golden's brief is directed to patents that were not asserted and devices that were not accused in the Court of Federal Claims. .................................................17

III.  **The Court of Federal Claims Was Well Within Its Discretion to Deny Mr. Golden's Requests for Disqualification.........................................................18**

CONCLUSION .............................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Allphin v. United States*, 758 F.3d 1336 (Fed. Cir. 2014) ...................... 19

*Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550 (Fed. Cir. 1996) ................................................................................. 18

*Bondyopadhyay v. United States*, 850 F. App'x 761 (Fed. Cir. 2021) 9, 10

*Bowers Inv. Co. v. United States*, 695 F.3d 1380 (Fed. Cir. 2012) ......... 10

*Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045 (Fed. Cir. 2014) ....... 11, 12

*Foster v. Hallco Mfg. Co.*, 947 F.2d 469 (Fed. Cir. 1991) ........................ 11

*Frazer v. United States*, 288 F.3d 1347 (Fed. Cir. 2002) .......................... 9

*Golden Gate Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318 (Fed. Cir. 2008) ................................................................................. 18

*Golden v. Apple Inc.*, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) ........... 19

*Golden v. Apple Inc.*, No. 20-1508, 819 F. App'x 930 (Fed. Cir. 2020) ..... 2

*Golden v. Apple Inc.*, No. 23-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023) ............................................................................................ 3

*Golden v. Apple Inc.*, Nos. 22-1229 & 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ..................................................................... 2, 15

*Golden v. Google LLC*, 2024 WL 2745904 (N.D. Cal. May 28, 2024) ..... 19

*Golden v. Intel Corp.*, No. 23-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ............................................................................................ 3

*Golden v. Qualcomm, Inc.*, No. 23-1818, 2023 WL 6561044 (Fed. Cir. Oct. 10, 2023) .................................................................... 3, 16

*Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024) ............................................................. 3, 16, 17

*Golden v. United States*, No. 18-1942 (Fed. Cir. Aug. 1, 2018) ............... 1

*Golden v. United States*, No. 19-2134, 955 F.3d 981 (Fed. Cir. Apr. 10, 2020) ............................................................................................ 1

*Golden v. United States*, No. 19-2135, 2019 WL 11585249 (Fed. Cir. Sept. 13, 2019) ....................................................................... 1

*Golden v. United States*, No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022)....................................................................................1, 5, 15

*Golden v. United States*, No. 23-2139, 2023 WL 8663093 (Fed. Cir. Dec. 15, 2023) ...............................................................................................2

*Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556 (Fed. Cir. 1989) .................................................................................................19

*Huang v. Huawei Techs. Co.*, 787 F. App'x 723 (Fed. Cir. 2019) ...........11

*Kearns v. Gen. Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1996).................10

*Kessler v. Eldred*, 206 U.S. 285 (1907).....................................................11

*Liteky v. United States*, 510 U.S. 540 (1994) .........................................20

*Maier v. Orr*, 758 F.2d 1578 (Fed. Cir. 1985) .........................................18

*Mass. Bay Transp. Auth. v. United States*, 167 F. App'x 182 (Fed. Cir. 2006)..................................................................................................20

*Middleton v. Dep't of Def.*, 185 F.3d 1374 (Fed. Cir. 1999).....................18

*Nystrom v. Trex Co.*, 580 F.3d 1281 (Fed. Cir. 2009) .............................11

*Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344 (Fed. Cir. 2014) ..........10

*Shell Oil Co. v. United States*, 672 F.3d 1283 (Fed. Cir. 2012).............10

*SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160 (Fed. Cir. 2018) .............12

**Statutes**

28 U.S.C. § 1295(a)(3).................................................................................3

28 U.S.C. § 1498(a) .....................................................................................3

28 U.S.C. § 455 ..........................................................................................18

**Rules**

Rule 12(b)(6) of the Court of Federal Claims......................................3, 6

## STATEMENT OF RELATED CASES

Mr. Golden previously accused the Government of patent infringement in a prior Court of Federal Claims (CFC) civil action (CFC Case No. 13-307) ("*Golden I*"), asserting each of the patent claims that he asserts in the present case. This Court affirmed the CFC's dismissal with prejudice of Mr. Golden's patent infringement claims in *Golden I*. *Golden v. United States*, No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) (Dyk, Taranto, Stoll) (*per curiam*), *reh'g en banc denied* (Oct. 25, 2022) (*per curiam*).[1]

This Court also previously affirmed the CFC's dismissal of two other civil actions filed by Mr. Golden,[2] each raising Fifth Amendment takings claims against the United States. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020) (O'Malley, Mayer, Wallach), *reh'g en banc*

---

[1] Mr. Golden filed two other appeals in *Golden I*, each of which was dismissed as premature. *Golden v. United States*, No. 18-1942 (Fed. Cir. Aug. 1, 2018) (O'Malley, Bryson, Chen) (*per curiam*); *Golden v. United States*, No. 19-2135, 2019 WL 11585249 (Fed. Cir. Sept. 13, 2019) (Wallach, Chen, Hughes) (*per curiam*).    He also filed a petition for mandamus relief, which was denied. *Golden v. United States*, No. 19-100 (Fed. Cir. Nov. 5, 2018) (Dyk, Reyna, Taranto) (*per curiam*), *reh'g denied* (Dec. 11, 2018) (*per curiam*).

[2] CFC Case No. 19-104 ("*Golden II*") and CFC Case No. 23-185 ("*Golden III*").

*denied* (May 25, 2020) (*per curiam*), *cert. denied*, 141 S. Ct. 908 (2020), *reh'g denied*, 141 S. Ct. 2558 (2021); *Golden v. United States*, No. 23-2139, 2023 WL 8663093 (Fed. Cir. Dec. 15, 2023) (Prost, Hughes, Stoll) (*per curiam*), *reh'g en banc denied* (Jan. 25, 2024) (*per curiam*), *cert. denied*, 144 S. Ct. 1099 (2024), *reh'g denied*, 144 S. Ct. 2554 (2024).

Mr. Golden has also appealed the dismissal of his patent infringement suits against various private parties to this Court. Only one of those appeals—the dismissal of Mr. Golden's patent infringement suit against Google LLC in the Northern District of California—is still pending.[3] *Golden v. Google LLC*, No. 24-2024 (Fed. Cir.). This Court previously upheld the dismissal of each of Mr. Golden's other patent infringement suits against private parties. *Golden v. Apple Inc.*, No. 20-1508, 819 F. App'x 930 (Fed. Cir. 2020), *cert denied*, 141 S. Ct. 1067 (2021); *Golden v. Apple Inc.*, Nos. 22-1229 & 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022); *Golden v. Intel Corp.*, No. 23-1257, 2023 WL

---

[3] Mr. Golden originally sued Google in the District of South Carolina. *Golden v. Google LLC*, No. 21-244 (D.S.C.). After the trial court dismissed Mr. Golden's claims without allowing issuance of service of process, this Court vacated and remanded, *Golden v. Apple Inc.*, Nos. 22-1229 & 22-1267, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022), but Mr. Golden did not further pursue his claims against Google in the District of South Carolina.

3262948 (Fed. Cir. May 5, 2023); *Golden v. Apple Inc.*, No. 23-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023); *Golden v. Qualcomm, Inc.*, No. 23-1818, 2023 WL 6561044 (Fed. Cir. Oct. 10, 2023), *cert. denied*, 144 S. Ct. 1059 (2024), *reh'g denied*, 144 S. Ct. 2553 (2024); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024), *cert denied*, 144 S. Ct. 1395 (2024).

## COUNTER-STATEMENT OF APPELLATE JURISDICTION

Mr. Golden brought the present action pursuant to 28 U.S.C. § 1498(a). The United States Court of Federal Claims dismissed Mr. Golden's complaint on April 23, 2024, and denied his motion for reconsideration on July 30, 2024. This Court has jurisdiction over Mr. Golden's appeal pursuant to 28 U.S.C. § 1295(a)(3).

## COUNTER-STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Plaintiff-Appellant Larry Golden's complaint was dismissed by the Court of Federal Claims under Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC) for failure to state a claim. While Mr. Golden

raises various arguments in his November 25, 2024 brief (Dkt. 16) ("Golden Br."),[4] the two issues before this Court are:

1.    Whether the Court of Federal Claims correctly held that the claims in Mr. Golden's complaint are barred by the doctrine of *res judicata* and the *Kessler* doctrine, due to this Court's prior decision in *Golden I* affirming the dismissal with prejudice of essentially the same patent infringement allegations; and

2.    Whether the Court of Federal Claims acted within its discretion by denying Mr. Golden's motion for disqualification, based on Mr. Golden's dissatisfaction with the outcome of each of his three previous suits against the Government in the trial court.[5]

## COUNTER-STATEMENT OF THE CASE

Plaintiff-Appellant Larry Golden "owns a family of patents concerning a system for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, and biological hazards." *Golden v.*

---

[4] Mr. Golden previously filed a separate opening brief on August 29, 2024. Dkt. 5.

[5] While Mr. Golden's November 25 brief does not address the motion for disqualification, *see generally* Golden Br., his August 29 brief opens and concludes by discussing that issue. *See* Dkt. 5 at 1–3, 30.

*United States*, No. 22-1196, 2022 WL 4103287, at *1. The present case is the second suit in which Mr. Golden has accused the Government of infringing the claims of those patents.

In his first case against the Government ("*Golden I*"), Mr. Golden alleged that a Government initiative known as "Cell-All" resulted in private parties such as Apple, Samsung, and LG manufacturing smartphone devices that infringed his patents. *Id.* The Court of Federal Claims ultimately dismissed *Golden I* with prejudice after Mr. Golden repeatedly failed to submit infringement contentions that satisfied the requirements of the trial court's patent rules. *Id.* This Court subsequently upheld that dismissal, noting that "[d]espite having eight years to develop his case and two chances to provide [compliant] infringement contentions . . . Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents . . . ." *Id.* at *2.

Mr. Golden then filed his second, present infringement suit against the Government on May 29, 2023. SAppx1100. Mr. Golden's complaint states that the present suit "respond[s]" to and "has cured the deficiencies identified in" *Golden I*. SAppx1104 at (¶ 18). While the present complaint is ostensibly directed to a different Government initiative

("TAK") than in *Golden I* ("Cell-All"), *see* SAppx1106 at (¶ 23), Mr. Golden once again accuses various smartphone models of infringing three of the same patent claims that were asserted in *Golden I*,[6] and again alleges that the Government was responsible for "funding of research that led to the development of the accused devices" by "Google, Apple, Samsung, LG, Qualcomm," and other private parties, SAppx1108 at (¶¶ 32–34).

In addition to allegations against Apple, Samsung, and LG smartphone models, Mr. Golden's present complaint now also accuses Google smartphones of infringing his patent claims, but states that the features of the Google devices accused of infringement are "virtually identical" to those in the Apple, Samsung, and LG smartphone models accused in *Golden I*. SAppx1104 at (¶ 17); *see also* SAppx1120–27, SAppx1128 (charts comparing accused Google smartphone models to accused Apple, Samsung, and LG smartphone models).

After the Government moved to dismiss the complaint pursuant to RCFC 12(b)(6), Mr. Golden filed a motion for disqualification of presiding Court of Federal Claims Senior Judge Eric G. Bruggink. SAppx1098.

---

[6] Claim 5 of U.S. Patent No. 10,163,287, claim 23 of U.S. Patent No. 9,589,439, and claim 1 of U.S. Patent No. 9,096,189. SAppx1105 (¶ 21).

The motion for disqualification was based on Mr. Golden's disagreement with the trial court's rulings previously issued in *Golden I*, *Golden II*, and *Golden III*, each of which Judge Bruggink also presided over.

The trial court granted the Government's motion to dismiss and denied Mr. Golden's motion for disqualification, SAppx1007, holding that the infringement allegations in Mr. Golden's complaint were "plainly barred by *res judicata* and the associated *Kessler* doctrine" due to this Court's prior holding in *Golden I*, SAppx1003 (at n.3). The trial court noted that "[t]he same patents and the same parties" as *Golden I* "are clearly involved." SAppx1004. Further, the trial court found that the complaint's claim charts were "materially identical to the charts filed in *Golden I*," and observed that "Mr. Golden concedes that his current claim is 'virtually identical' in that 'the results are the same' when compared to devices also accused in *Golden I*." SAppx1005 (quoting SAppx1104 at (¶ 17)).

After the trial court granted the Government's motion to dismiss, Mr. Golden filed a motion for reconsideration, again requesting that the presiding judge be disqualified. SAppx1099. The trial court denied Mr. Golden's motion, SAppx1011, noting that it "largely restates arguments

he made in his complaint," SAppx1009, and that Mr. Golden's request for disqualification lacked any "substantiation or citation to evidence outside of his disagreement as to the disposition of his cases," SAppx1011.

## SUMMARY OF THE ARGUMENT

Mr. Golden's present suit alleges that the Government is responsible for the development of various commercial smartphone models, all of which allegedly infringe his family of patents. These allegations are not new. Indeed, Mr. Golden himself describes them as "virtually identical" to the theories he presented in his previous patent infringement suit against the Government. Those infringement claims were previously rejected by this Court, but only after Mr. Golden was given "eight years to develop his case and two chances to provide [compliant] infringement contentions."

Accordingly, the trial court was correct to hold that Mr. Golden's current attempt to relitigate those previously rejected infringement claims is fully barred by *res judicata* and the *Kessler* doctrine. Mr. Golden argues that the judgment in his original case should be given no effect, and that this Court instead "determined Direct Infringement by or for the Government" during an appeal of one of his other infringement suits

against third-party manufacturers of the accused smartphone models. But that argument is baseless, as this Court has repeatedly explained to Mr. Golden when he raised it in appeals of his other infringement suits.

The trial court was also well within its discretion to deny Mr. Golden's repeated requests for disqualification of the presiding judge. Mr. Golden's requests were based solely on his disagreement with the adverse rulings of the trial court in his three previous suits against the Government. And Mr. Golden has failed to present any evidence that could have conceivably called into question the trial court's impartiality to an objective observer, much less met his burden to establish any grounds for recusal or disqualification.

The trial court's decisions should be affirmed.

## ARGUMENT

### I.    STANDARD OF REVIEW

This Court "review[s] dismissals by the Claims Court for *res judicata . . . de novo.*" *Bondyopadhyay v. United States*, 850 F. App'x 761, 763 (Fed. Cir. 2021) (citing *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002)).

This Court reviews the trial court's denial of Mr. Golden's requests for disqualification for an abuse of discretion. *Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012) ("Consistent with the vast majority of courts to consider this issue, we review a judge's failure to recuse for an abuse of discretion.").

## II. THE COURT OF FEDERAL CLAIMS WAS CORRECT IN HOLDING THAT MR. GOLDEN'S INFRINGEMENT CLAIMS ARE BARRED BY *RES JUDICATA* AND THE *KESSLER* DOCTRINE.

"'Claim preclusion requires (1) an identity of parties or their privies, (2) a final judgment on the merits of the first suit, and (3) the later claim to be based on the same set of transactional facts as the first claim such that the later claim should have been litigated in the prior case.'" *Bondyopadhyay*, 850 F. App'x at 764 (quoting *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012)); *see also Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) ("claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter") (citing *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1557 (Fed. Cir. 1996)).

"Subject matter is the same for claim preclusion purposes if the earlier accused devices and the devices accused in the current action are

'essentially the same.'" *Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726 (Fed. Cir. 2019) (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479–80 (Fed. Cir. 1991)).  This Court has explained that accused devices are "essentially the same" for purposes of claim preclusion if they are "materially identical . . . with respect to the pertinent claim limitations at issue," *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009), and any "differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent,'" *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008) (quoting *Foster*, 947 F.2d at 480).

"[T]raditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, *i.e.*, post-final judgment, in a second suit—even where the products are the same in both suits." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).  However, "[t]he *Kessler* Doctrine fills [that] gap . . . allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action." *Id.* (emphasis in original) (citing *Kessler v. Eldred*, 206 U.S. 285 (1907)).  The *Kessler* doctrine bars assertion of claims "against essentially the same products made or sold after the judgment of noninfringement in the earlier case, *i.e.*, products

that claim preclusion could not reach because of their *timing*." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018) (emphasis in original) (citing *Brain Life*, 746 F.3d at 1054, 1058–59).

Here, the trial court correctly found that the claims in Mr. Golden's complaint are barred by *res judicata* and the *Kessler* doctrine.  As the trial court noted, "[t]he same patents and the same parties [as *Golden I*] are clearly involved."  SAppx1004; *compare* SAppx1105 at (¶ 21) *with* SAppx1136–39 (each asserting claim 5 of the '287 patent, claim 23 of the '439 patent, and claim 1 of the '189 patent).

To be clear, and as the trial court also observed, Mr. Golden's complaint in the present case contains infringement allegations against additional products—Google smartphones—that were "not expressly implicated in *Golden I*."  SAppx1004.  But the trial court was correct to find these nominally "new" claims barred by *res judicata* and the *Kessler* doctrine, as the newly accused Google smartphone models are essentially the same as the Apple, Samsung, and LG smartphone models accused in *Golden I*, *see* SAppx1136–39, for purposes of Mr. Golden's infringement allegations.

As the trial court explained, SAppx1004–05, Mr. Golden's complaint itself contained charts matching the allegedly infringing elements of the Google smartphone models newly accused in the present case with the corresponding elements of the Apple, Samsung, and LG smartphone models that were previously alleged to infringe in *Golden I*, SAppx1120–27, SAppx1128. Further, Mr. Golden's complaint conceded that the elements accused of infringement in the Google smartphones are "virtually identical" to the elements of the Apple, Samsung, and LG smartphone models previously accused in *Golden I*. SAppx1104 at (¶ 17). Accordingly, the trial court was correct to find Mr. Golden's present infringement allegations barred by preclusion, as the differences between the present allegations and the allegations in *Golden I* "are merely 'colorable'" and "'unrelated to the limitations in the claim of the patent.'" *Acumed*, 525 F.3d at 1324 (citation omitted).

Mr. Golden's brief, too, fails to allege or cite to evidence of any meaningful differences between his previously litigated infringement allegations in *Golden I* and the infringement allegations in his present complaint. At most, Mr. Golden argues that he has now added allegations against "[d]ifferent executive branch departments; different

sub-agencies; with different CBRNE sensing rationales from the previous case." Golden Br. at 16. But these added allegations against nominally new product models and new government programs are still barred by *res judicata* and the *Kessler* doctrine, given that the substance of those "new" allegations is "virtually identical" to the substance of the original allegations in *Golden I* with respect to the limitations of the asserted patent claims, SAppx1104 at (¶ 17); *see also* SAppx1120–27, SAppx1128.

Indeed, Mr. Golden's brief only further confirms that his infringement allegations in the present case are essentially the same as his allegations in *Golden I*. His brief bundles the accused Google smartphones with the Apple, Samsung, and LG smartphones previously accused in *Golden I*, Golden Br. at 2, matches the accused Google smartphone elements to corresponding elements of the Apple, Samsung, and LG smartphone models accused in *Golden I*, *see id.* at 21, and attempts to relitigate issues already decided in *Golden I*, *see id.* at 4–6, 15–21 (repeatedly alleging that the CFC "lied" in its *Golden I* decision).[7]

---

[7] Mr. Golden's August 29, 2024 opening brief similarly sought to reargue infringement by the devices previously accused in *Golden I*. Dkt. 5 at 21–24 (arguing that the Apple smartphone models accused in *Golden I* infringe the patent claims that he has asserted in the present case).

And while much of Mr. Golden's brief is directed to sensors allegedly manufactured by third parties such as "SeaCoast," "Synkera," and "Rhevision," *see id.* at 15–21, these are not "different CBRNE sensing rationales" (*id.* at 16) as those set forth in *Golden I.* On the contrary, this Court already addressed materially identical infringement theories involving those same third-party "sensors and detectors" in *Golden I.* No. 22-1196, 2022 WL 4103287 at *2.

A. **As the Court has already repeatedly explained, Mr. Golden's interpretation of this Court's opinion in *Golden v. Apple* is incorrect.**

Given that Mr. Golden's infringement claims in the present case are "virtually identical" to those already litigated in *Golden I*, *see* SAppx1104 at (¶ 17), the trial court observed that Mr. Golden's "only argument" that these infringement claims should not now be barred was Mr. Golden's belief that this Court already found infringement by Google smartphones in one of Mr. Golden's other appeals, in an opinion issued the same day as *Golden I*, SAppx1006 (citing *Golden v. Apple*, Nos. 22-1229 & 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)). Mr. Golden's brief presents that same argument here, stating that this Court already "determined Direct Infringement by or for the Government" in a previous appeal of

his suit against Google. *See* Golden Br. at 7–9 ("[T]he Federal Circuit imply (*sic*) to say under the 'clear and convincing evidence' standard, Google's smartphone products . . . are more likely than not is (*sic*) directly infringing Golden's patents").

Mr. Golden is incorrect. As the trial court correctly held, "[t]hat . . . is a dramatic misreading of the appellate opinion." SAppx1006. And this Court itself has repeatedly explained to Mr. Golden in his other appeals that its opinion in *Golden v. Apple* made no findings of infringement by Google devices. On the contrary, in *Golden v. Apple* the Court "expressed no opinion as to the adequacy of the complaint" against Google's accused smartphone models and did "not preclude subsequent motions to dismiss for failure to state a claim." *Golden v. Samsung*, No. 23-2120, 2024 WL 539973, at *2 (Fed. Cir. Feb. 12, 2024); *see also Golden v. Qualcomm*, No. 23-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023).

Mr. Golden's arguments regarding the effect of other decisions of this Court and district courts in his suits against private parties, *see* Golden Br. at 9–13, are similarly mistaken. In each and every one of those cases, there was no finding of infringement by any party—rather,

Mr. Golden's infringement allegations were all dismissed for failure to state a plausible claim of patent infringement.  For example, in *Golden v. Samsung*, this Court did not "agree[] with the Northern District of California Court Judge . . . that Direct Infringement by or for the Government arises . . . ."  Golden Br. at 12.  Instead, the Court affirmed that Mr. Golden's complaint in that case had "insufficiently alleged infringement."  No. 23-2120, 2024 WL 539973, at *4.

### B.    Much of Mr. Golden's brief is directed to patents that were not asserted and devices that were not accused in the Court of Federal Claims.

In addition to his arguments discussed *supra* regarding various allegedly infringing smartphone devices (both the newly identified Google models as well as the Apple, Samsung, and LG models previously accused in *Golden I*), Mr. Golden's brief also raises new allegations regarding patents that were not asserted and devices that were not accused in the trial court.

For example, Mr. Golden now alleges that the Government infringes claims of his U.S. Patent Nos. 10,984,619 and 11,645,898, Golden Br. at 15, 18, 22, 27–28, and accuses a "DOD JPEO-CBRND initiative" of infringing those patents, *see id.* at 26–28, 15–21.  But those

patents were not asserted at the trial court, and that Government initiative was not accused at the trial court. *See generally* SAppx1100. Accordingly, these new theories are not properly part of this appeal. "Appellate courts review [trial] court judgments; we do not find facts." *Golden Gate Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) (*citing Middleton v. Dep't of Def.*, 185 F.3d 1374, 1383 (Fed. Cir. 1999)).

## III. THE COURT OF FEDERAL CLAIMS WAS WELL WITHIN ITS DISCRETION TO DENY MR. GOLDEN'S REQUESTS FOR DISQUALIFICATION.

A party moving for disqualification of a judge under 28 U.S.C. § 455 bears a "heavy burden." *Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550, 557 (Fed. Cir. 1996); *see also Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985) ("Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned."). This Court has explained that Section 455 sets forth "an objective test that mandates recusal 'when a reasonable person, knowing all the facts, would question the judge's impartiality.'" *Allphin v. United States*, 758 F.3d 1336, 1343–44 (Fed.

Cir. 2014) (quoting *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1568 (Fed. Cir. 1989)).    Under this objective test, the movant's "subjective beliefs about the judge's impartiality are irrelevant."  *Id.* at 1344.

Here, the trial court was well within its discretion to deny Mr. Golden's repeated requests for disqualification.  And Mr. Golden's briefs cite to no evidence that would have called into question the trial court's impartiality to an objective observer, much less met Mr. Golden's "heavy burden" to establish grounds for recusal or disqualification.

Instead, Mr. Golden suggests in his August 29, 2024 brief that disqualification was warranted because he disagrees with the trial court's past rulings in *Golden I*, *Golden II*, and *Golden III*.[8]  *See* Dkt. 5 at 2 (expressing dissatisfaction with the outcome of his "three related cases" in the CFC), 30 (repeatedly referring to the CFC opinion in *Golden I* as a "Fraud on the Court").  But as this Court has explained, "an alleged

---

[8] Mr. Golden has raised unfounded accusations of bias and prejudice against other trial courts after receiving an adverse decision in his infringement cases. *See, e.g.*, *Golden v. Apple Inc.*, No. 20-2270, 2021 WL 4260782, at *2 (D.S.C. Sept. 20, 2021) ("This Court categorically rejects the notion that the Magistrate acted with any racial prejudice or bias in the Report"); *Golden v. Google LLC*, No. 22-5246, 2024 WL 2745904, at *1 (N.D. Cal. May 28, 2024).

history of adverse legal rulings" is "not sufficient to justify recusal," as "unfavorable judicial rulings are almost invariably 'proper grounds for appeal, not for recusal.'" *Mass. Bay Transp. Auth. v. United States*, 167 F. App'x 182, 187 (Fed. Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## CONCLUSION

For the above reasons, the Court should affirm the CFC's judgment.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy*
*Assistant Attorney General*

SCOTT BOLDEN
*Director*

*/s/ Grant D. Johnson*
GRANT D. JOHNSON
Of Counsel:                           *Trial Attorney*
CONRAD J. DeWITTE, JR.    Commercial Litigation Branch
Department of Justice            Civil Division
                                             Department of Justice
                                             Washington, DC 20530
                                             *Grant.D.Johnson@usdoj.gov*
                                             T: (202) 305-2513
December 12, 2024                F: (202) 307-0345

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system, and served the foregoing brief, via e-mail, on Plaintiff-Appellant Larry Golden at:

**Larry Golden**
**atpg-tech@charter.net**

*/s/ Grant D. Johnson*
GRANT D. JOHNSON

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the requirements and type-volume limitation of Fed. R. App. P. 32 and Fed. Cir. R. 32. This brief contains 4,353 words and 426 lines, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b). This brief has been prepared using Microsoft Word 2016 in size 14-point Century Schoolbook font, a proportionally spaced typeface.


*/s/ Grant D. Johnson*
GRANT D. JOHNSON